Wilma Virginia FERGUSON,
Plaintiff-Appellant,

v.

NATIONAL BROADCASTING COMPANY, INC., Defendant-Appellee.

No. 76–4494.

United States Court of Appeals,
Fifth Circuit.

Nov. 17, 1978.

Kenneth R. Glaser, Dallas, Tex., for plaintiff-appellant.

Louis P. Petrich, Los Angeles, Cal., for defendant-appellee.

Before WISDOM, GOLDBERG and RUBIN, Circuit Judges.

GOLDBERG, Circuit Judge:

This is an action for copyright infringement. The sole issue raised on appeal is whether the trial court correctly granted defendant's motion for summary judgment.

In 1953 plaintiff composed and copyrighted a musical composition entitled "Jeannie Michele." The unpublished composition was never performed in this country; nor was it sold, offered for sale, or circulated to the general public. In fact, plaintiff distributed only six copies of the composition. A copy was sent to Guy Lombardo, Mills Publishing Company, Dinah Shore, Broadcast Music Incorporated, Jerri Greene, and Don Cherry. None of these potential publishers showed any interest in "Jeannie Michele," and each copy was returned to the plaintiff.

Plaintiff alleges that the first sixteen and last eight measures of "Jeannie Michele" are used in the theme song of a television program aired in 1973 called "A Time to Love." She filed a copyright infringement complaint against both NBC, the network which aired the show, and John Williams,[1] the musician who composed the allegedly infringing theme song. The district court dismissed Williams from the action for lack of personal jurisdiction.

---

1. Williams is an accomplished musician. He has composed, arranged, and directed the music for more than thirty motion pictures including Jaws, Earthquake, Poseidon Adventure, and Fiddler on the Roof. In 1972 he received the Academy Award for his musical arrangements in Fiddler on the Roof.

The remaining defendant, NBC, moved for summary judgment. In support of its motion, it submitted the affidavit of Williams which stated that Williams had never heard of the plaintiff or her composition. NBC also submitted affidavits of experts in musicology which stated that the only similarity between the two compositions was a recurring three note sequence found also in the works of Johann Sebastian Bach. The plaintiff's affidavits did not countervail these statements made in support of the defendant's motion for summary judgment. The district court granted summary judgment for the defendant, and the plaintiff appeals.

█ In order to establish copyright infringement, a plaintiff must prove (1) his ownership of the copyright and (2) "copying" by the defendant or person who composed the defendant's work. 3 M. Nimmer, Copyright §§ 13.01 and 13.02[A] (1978). Here the defendant, for purposes of its motion for summary judgment, assumed that plaintiff owned a valid copyright in "Jeannie Michele." Its summary judgment affidavits attacked the second element of plaintiff's cause of action—the alleged "copying" by Williams. Since there is seldom direct evidence of "copying," the plaintiff generally proves this element by showing that the person who composed the defendant's work had access to the copyrighted work and that the defendant's work is substantially similar to the plaintiff's. *Id.* § 13.01[B]. If the two works are so strikingly similar as to preclude the possibility of independent creation, "copying" may be proved without a showing of access. *Id.* § 13.01[A]; *see Donald v. Zack Meyer's T. V. Sales & Service,* 426 F.2d 1027 (5th Cir. 1970), *cert. denied,* 400 U.S. 992, 91 S.Ct. 459, 27 L.Ed.2d 441 (1971).

Access has been defined to include an opportunity to view the copyrighted work. 3 M. Nimmer, Copyright § 13.02[A] (1978). Here, the plaintiff showed that she had sent a copy of her composition to four individuals and two companies. Each copy was returned, and Williams, in his affidavit, stated that he had had no contact with any of the individuals or with Mills Publishing, one of the two companies. Although he admitted having had some contacts with Broadcast Music Incorporated (BMI), the other company, he stated that these contacts were not related to either the plaintiff or her composition. Furthermore, Williams stated he had never heard of the plaintiff or her composition prior to this copyright infringement action. Plaintiff adduced no evidence contradicting Williams' statements.

█ To find that Williams had access, we would have to assume that (1) although BMI professed no interest in plaintiff's composition and returned the original to her, it made and kept a copy which it later allowed Williams to see, and (2) Williams was lying when he said he had never heard of the plaintiff's composition. Plaintiff has given us no reason to believe that either of these assumptions is true, and certainly they are not obviously compelling. Thus, a finding of access in this case would be based on speculation or conjecture, and this is impermissible. *Id.* To support a finding of access there must be a reasonable possibility of access—not a bare possibility as we have in this case. *Id.*

Even without proof of access, plaintiff could still make out her case if she showed that the two works were not just substantially similar, but were so strikingly similar as to preclude the possibility of independent creation. 3 M. Nimmer, Copyright § 13.01[A]; *see Donald v. Zack Meyer's T. V. Sales & Service,* 426 F.2d 1027 (5th Cir. 1970), *cert. denied,* 400 U.S. 992, 91 S.Ct. 459, 27 L.Ed.2d 441 (1971). Here however, plaintiff presented no evidence of similarity aside from the two compositions. She merely asserted that parts of her composition were "used in" the defendant's work and that it is unlikely that Williams could have composed the defendant's work without having had access to "Jeannie Michele." Such conclusions are not probative evidence in a summary judgment proceeding. *Benton-Volvo-Metairie, Inc. v. Volvo Southwest, Inc.,* 479 F.2d 135 (5th Cir. 1973); *Scholz Homes, Inc. v. Maddox,* 379 F.2d 84

**114**

(6th Cir. 1967). In contrast, defendant submitted affidavits by experts analyzing the two compositions and showing that the only similarity between them is a recurring three note sequence found also in the works of Johann Sebastian Bach. The evidence presented clearly does not raise a question of fact as to whether the two compositions were so strikingly similar as to preclude the possibility of independent creation.

■ Plaintiff primarily relies on *Arnstein v. Porter*, 154 F.2d 464 (2d Cir. 1946) to support her claim that the trial court should not have granted summary judgment. *Arnstein*, which held that a grant of summary judgment is improper whenever there is the slightest doubt as to the facts, is no longer good law. *Heyman v. Commerce & Industry Insurance Co.*, 524 F.2d 1317, 1319 (2d Cir. 1972). Recent decisions indicate that once the moving party has properly supported his summary judgment motion, the nonmoving party must rebut with "significant probative" evidence. *See First National Bank of Arizona v. Cities Services Co.*, 391 U.S. 253, 290, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); *Munoz v. International Alliance*, 563 F.2d 205, 214 (5th Cir. 1977).

■■ In this case we find that the defendant properly supported its motion for summary judgment. It showed that there was no genuine issue of fact on either access or striking similarity. The plaintiff offered no probative evidence in rebuttal. In such a case the Federal Rules of Civil Procedure provide that summary judgment is proper. F.R.Civ.P. 56.

We wish to add that we are sensitive to the plaintive note in the plaintiff's complaint. Notwithstanding the result of this opinion, a court must feel great sympathy for the symphonic trials of our creative pleader. We know it is slight consolation that in this case the plaintiff's song has finally come out in a judicial record. But even indulging every permissible inference in favor of the plaintiff's affidavit to support what she must establish under the law, what the affidavit purports still falls far short of musicological Bach-like proportions. In truth the plaintiff fails to establish mimicry. A few notes do not a song make. Jeannie Michele simply did not, in this case, negotiate the obstacles in Tin Pan Alley. Of course, a copyright plaintiff need not establish a measure for a measure, but her proof must have some musical measurability. The evidence here shows that Jeannie Michele had precursors and predecessors and access was negated. It is not enough to place two works back to back, if both track their ancestries back to Bach.

For these reasons we hold that the district court correctly granted the defendant's motion for summary judgment.

AFFIRMED.